UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK L. GAINES, JESSICA J. KELLY, and ANTHONY TSE, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BDO USA, LLP, <br><br> Defendant. | Case No. 1:22-cv-01878 <br><br> Hon. Matthew F. Kennelly |

**FINAL APPROVAL ORDER AND JUDGMENT**

This Action came before the Court for hearing on June 17, 2024, to determine the fairness of the proposed Settlement presented to the Court and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Settlement Notice, and Setting Date for a Fairness Hearing. Due notice having been given and the Court having been fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized terms used in this Final Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement executed by counsel on behalf of the Plaintiffs, all Class Members, and Defendant, respectively.[1]

---

[1] During the pendency of this litigation, the BDO USA, LLP Retirement Plan changed names to the BDO USA Retirement Plan. No other aspect of the Plan changed and, as such, is the same plan for all other purposes. Accordingly, this immaterial name change bears no impact on the settlement or the Final Approval thereof.

1

1. The Court has jurisdiction over the subject matter of the Action and over all parties, including all members of the Settlement Class.

2. For purposes of Settlement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court the "Settlement Class" shall be:

> Class Representatives and all persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time between April 11, 2016 through February 10, 2024 (the "Class Period"), and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period, excluding Defendants.

3. The Court appoints Plaintiffs Patrick L. Gaines, Jessica J. Kelly, and Anthony Tse as Class Representatives for the Settlement Class and Edelson Lechtzin LLP and Capozzi Adler, P.C., as Class Counsel.

4. The Court hereby finds that the Settlement Class has received proper and adequate notice of the Settlement, the Fairness Hearing, Class Counsel's application for attorneys' fees and reimbursement of litigation costs and for Class Representatives' Compensation to the Plaintiffs, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts, as well as notice through a dedicated Settlement website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the procedure for the making of objections. Such notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

5. The Court hereby approves the Settlement and hereby orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

6. Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable and adequate to the Plan and the Settlement Class, and more particularly finds that:

(a) The Settlement was negotiated vigorously and at arm's-length by Defense Counsel, on the one hand, and the Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand with the assistance of a mediator, Robert A. Meyer of JAMS;

(b) Plaintiffs and Defendant had sufficient information to evaluate the settlement value of the Action;

(c) If the Settlement had not been achieved, Plaintiffs and the Settlement Class faced the expense, risk, and uncertainty of extended litigation;

(d) The amount of the Settlement – two million two hundred fifty thousand dollars ($2,250,000.00) – is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal. The method of distributing the Settlement Amount is efficient and requires no filing of claims. The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under Fed. R. Civ. P. 23(e)(2)(C)(iv). The Settlement Amount is within the range of settlement values obtained in similar cases;

(e) The Settlement Agreement was reviewed by an Independent Fiduciary that complied with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39") ("PTE 2003-39"), and who has approved the Settlement;

(f) At all times, the Plaintiffs and Class Counsel have acted independently of Defendant and in the interest of the Settlement Class; and

(g) The Court has duly considered and overruled any filed objection(s) to the Settlement to the extent there were any.

7. The Plan of Allocation is finally approved as fair, reasonable, and adequate. The Settlement Administrator shall distribute the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Settlement Class Member in accordance with the Plan of Allocation approved by the Court.

8. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

9. The releases and covenants not to sue set forth in the Settlement Agreement, including but not limited to Article 8 of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Settlement Effective Date. Accordingly, the Court orders that, as of the Settlement Effective Date, the Plan, the Class Representatives, and the Settlement Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys) hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties (including Defendants) from all Released Claims, regardless of whether or not such Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims and regardless of whether such Class Member receives a monetary benefit

from the Settlement, actually received the Settlement Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Member have been approved or allowed.

10. The Class Representatives, Class Members, and the Plan hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party." The Class Representatives, Class Members, and the Plan with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

11. The Class Representatives, the Class Members, and the Plan acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

12. Each Class Member hereby releases the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount, any and all calculations under the Plan of Allocation, and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

13. The operative complaint and all claims asserted therein in this Action against all Defendants (current and past) are hereby dismissed with prejudice and without costs to any of the Settling Parties and Released Parties other than as provided for in the Settlement Agreement.

14. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, Plan of Allocation, this Final Order and Judgment, or the Settlement Agreement or the termination of the Settlement Agreement. The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and Case Contribution Awards to the Plaintiffs, and reimbursements of litigation costs, submitted pursuant to the Settlement Agreement.

15. Any motion to enforce this Final Order and Judgment or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order or Judgment may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

16. In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Order and Judgment shall be rendered null and void, ab initio, and shall be vacated *nunc pro tunc*, and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the day the Settlement was reached. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

17. With respect to any matters that arise concerning the implementation of distributions to Class Members who have an Active Account (after allocation decisions have been

made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan.

18. Within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

19. Upon entry of this Order, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and this Final Order and Judgment.

SO ORDERED this 18th day of June, 2024.

_____
Hon. Matthew F. Kennelly
United States District Judge